IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mark Lott a/k/a Mark Tillman Lott a/k/a ML, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Robert Stroud and Turbeville Correctional Institution, )<br>)<br>Defendants. ) | Civil Action No. 2:12-2471-SB<br><br>**ORDER** |



This matter is before the Court upon the Plaintiff's complaint filed on August 21, 2012, pursuant to 42 U.S.C. § 1983. On October 2, 2012, the Plaintiff filed a motion for a temporary restraining order. When he filed his complaint and his motion, the Plaintiff was proceeding *pro se*; however, on October 12, 2012, United States Magistrate Judge Bruce Howe Hendricks appointed a pro bono attorney for the Plaintiff, who is a minor, pursuant to Federal Rule of Civil Procedure 17(c). On March 22, 2013, Magistrate Judge Hendricks issued a report and recommendation ("R&R"), outlining the Plaintiff's motion for a temporary restraining order and recommending that the Court deny the motion based on the Plaintiff's failure to show (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (2) that the balance of equities tips in his favor; or (4) that an injunction is in the public interest. See Winter v. Natural Resource Def. Council, Inc., 555 U.S. 7, 20 (2008). Attached to the R&R was a notice advising the Plaintiff of his right to file specific, written objections to the R&R within fourteen days of receiving the R&R. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the Magistrate Judge's findings and recommendations for clear error. Finding none, the Court agrees with the Magistrate Judge that the Plaintiff has failed to demonstrate that he is entitled to a temporary restraining order or preliminary injunction. Accordingly, the Court hereby adopts the R&R (Entry 43), and it is

**ORDERED** that the Plaintiff's motion (Entry 13) is **DENIED.**

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

April 10, 2013
Charleston, South Carolina

2