**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| MARK LOTT a/k/a MARK TILLMAN LOTT a/k/a ML, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:12-cv-02471-DCN |
| vs. | ) ) ) | **ORDER** |
| ROBERT SCOTT, *individually and in his official capacity*, and the TURBEVILLE CORRECTIONAL INSTITUTE, | ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court on Magistrate Judge Wallace W. Dixon's Report and Recommendation ("R&R") that this court grant in part and deny in part a motion for summary judgment filed by defendants Robert Scott ("Scott") and the Turbeville Correctional Institution ("TCI"). Scott filed written objections to the R&R. For the reasons set forth below, the court adopts the R&R and grants in part and denies in part defendants' motion for summary judgment.

## **I. BACKGROUND**[1]

Plaintiff Mark Lott ("Lott") is an inmate within the South Carolina Department of Corrections who is currently incarcerated at TCI. Lott alleges that on September 28, 2011, Scott, a correctional officer at TCI, deliberately choked him without provocation. Compl. ¶ 6. According to Lott, he was waiting for lunch when he was assaulted by another inmate. Compl. Ex. 1. Scott saw the incident and "locked down" both inmates in

---

[1] The facts are considered and discussed in the light most favorable to Lott, the party opposing summary judgment. See Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

their cells. Id. After the door to Lott's cell was closed, another inmate hit the door, and Scott returned, believing that Lott had kicked the door. Id. Scott came into the cell, "grabbed [Lott] around [his] neck and pushed [him] into [a] table while he was still choking [him]." Id. With his hands still around Lott's neck, Scott pushed Lott onto his bed and continued choking him. Id. Scott let go of Lott once another correctional officer entered the cell. Id.

The next day, Lott visited health services and complained of neck pain due to "an assault by a security officer." Def.'s Mot. Ex. 2. The nurse examining Lott noted "small abrasions" on the right side of the neck which were scabbed over. Id. Lott was able to move his neck without difficulty, but reported that moving his neck caused pain. Id.

The evidence submitted by defendants paints a very different picture. Scott filled out an incident report stating that he had seen Lott and another inmate "horse playing" and proceeded to put them in their cells. Def.'s Mot. Ex. 1. Scott contends that he used "appropriate force in an attempt to control inmate Lott during a combative situation because he was refusing orders, being belligerent and kicking his cell door." Scott Aff. ¶ 3. Scott asserts that he removed Lott's boots and that the incident was handled pursuant to SCDC policy and procedure, but that he did not choke Lott. Id. ¶¶ 3-4.

Lott filed the present action on August 27, 2012. With the benefit of an attorney, he filed an amended complaint on January 5, 2013, asserting a cause of action under 42 U.S.C. §1983 for excessive force. On January 17, 2014, defendants filed a motion for summary judgment. Lott filed a response on January 30, 2014. The magistrate judge issued an R&R on July 11, 2014. Scott filed objections on July 25, 2014 and Lott responded on August 11, 2014. This matter is now ripe for the court's review.

## II.  STANDARDS

### A.   Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### B.   Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary

judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor.  Id. at 255.

### III.   DISCUSSION

As an initial matter, neither party objects to the magistrate judge's recommendation that the court grant summary judgment to TCI and Scott in his official capacity.  Because there is no clear error on the face of the record, the court accepts the R&R and grants summary judgment in favor of TCI and Scott in his official capacity.  What remains to be considered are Lott's claims against Scott in his individual capacity.

Scott objects to the R&R on three grounds:  (1) the magistrate judge erred in finding that Lott has provided evidence to prove the required subjective component of an excessive force claim; (2) the magistrate judge erred in finding that a factfinder could conclude that Scott's assertion that Lott was a security risk was untrue or unreasonable; and (3) the magistrate judge erred in finding that Lott's medical records establish wrongdoing objectively harmful enough to establish an Eighth Amendment violation.  Def.'s Objections 1-2.  The court will first discuss background law on excessive force claims and then consider each of Scott's objections in turn.

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned."  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  To prove a claim that prison officials violated his constitutional rights through the excessive use of force, an inmate must satisfy two requirements.  First, a claimant must meet a "heavy burden" to satisfy the subjective component, Whitley v. Albers, 475 U.S. 312, 321 (1986), for which the claimant must show that the force used by the corrections officers "inflicted unnecessary and wanton pain and suffering."  Hudson v. McMillian,

503 U.S. 1, 6 (1993). In the context of a prison disturbance, this question "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (quoting Whitley, 475 U.S. at 320-21).

Second, the claimant must meet the objective component, which concerns whether the alleged wrongdoing is objectively "harmful enough" to establish a constitutional violation. Hudson, 503 U.S. at 2. The objective component is not as demanding because "when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . ." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (internal quotation marks omitted).

The court now considers each of Scott's objections.

### A.     Subjective Component

Scott first objects to the magistrate judge's conclusion that Lott has sufficiently proved the required subjective component of an excessive force claim. Def.'s Objections 1. He argues that Lott has "provided no additional evidence of excessive force of a wanton nature other than his original statement of claim filed with his complaint and amended complaint." Id.

Factors relevant to an evaluation of the subjective component include "the need for the application of force, the relationship between the need and the amount of force that was used," the extent of the injury, the threat reasonably perceived by the responsible official, "and any efforts made to temper the severity of a forceful response." Whitley, 475 U.S. at 320-21. "When evaluating evidence to determine whether it is legally sufficient to satisfy the subjective component, a court may allow an inmate's claim to go

to the jury only if it concludes that the evidence, <u>viewed in a light most favorable to the claimant</u>, will support a reliable inference of wantonness in the infliction of pain." <u>Stanley v. Hejirika</u>, 134 F.3d 629, 634 (4th Cir. 1998) (internal quotations omitted) (emphasis added).

In Scott's motion for summary judgment, he considers the <u>Whitley</u> factors, but does so in the light most favorable to himself, not Lott.  <u>See</u> Def.'s Mot. 6 ("Officer Scott removed Plaintiff's shoes.  He did not choke Plaintiff.").  Because Lott is the claimant, the court therefore must consider the <u>Whitley</u> factors in the light most favorable to him. <u>Stanley</u>, 134 F.3d at 634.  In that light, there seems to have been little need for the application of force.  According to Lott, he had been locked in his cell following the incident with the other inmate and he had not done anything to cause a disturbance immediately before Scott choked him.  Compl. Ex. 1.  Considering there appeared to be little if any need for the application of force here, the amount of force alleged – Scott grabbing Lott by the neck and pushing him into his table and bed, <u>id.</u> – is likely not proportionate to the need for force.  Moreover, although Lott does not allege severe injuries, he clearly suffered more than "little or no injury," as Scott claims.  Def.'s Mot. 7.  Additionally, in the light most favorable to Lott, there is no indication that Scott attempted to temper his forceful response.  However, it is possible that based on Lott's previous conduct, including threatening a prison employee with a razor, that Scott could have perceived Lott to be a serious threat.[2]  Lott Dep. 143:3-144:3.

---

[2] Scott objects to the magistrate judge's finding that a reasonable factfinder could conclude that his assertion that he knew Lott to be a security risk was untrue or at least unreasonable.  Def.'s Objections 1-2.  That is a close question, especially in light of the fact that the incident in which Lott threatened a prison employee with a razor occurred at

After consideration of the Whitley factors, the court agrees with the magistrate judge that the evidence, in the light most favorable to Lott, supports a reliable inference of wantonness on the part of Scott.

**B.     Injury**

Scott also objects to the magistrate judge's finding that the alleged wrongdoing was objectively harmful enough to constitute excessive force. Def.'s Objections 2. He argues that the "medical records establish that the abrasions on the neck appear dated and unrelated to the altercation at issue in this litigation." Id.

In determining whether a complaint states a claim for excessive force, the "core judicial inquiry" does not concern the extent of the injury but rather the nature of the force – "specifically, whether it was nontrivial and 'was applied . . . maliciously and sadistically to cause harm.'" Wilkins, 559 U.S. at 39 (quoting Hudson, 503 U.S. at 7). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." Hudson, 503 U.S. at 9; see Wilkins, 559 U.S. at 38 (holding that an inmate who was the victim of excessive force did not lose the ability to pursue an excessive force claim because he had "the good fortune to escape without serious injury").

However, the extent of injury suffered by the inmate is still relevant to the Eighth Amendment inquiry, both because it may suggest whether the use of force plausibly

---

a different prison. Regardless, the threat perceived by Scott is just one of the Whitley factors the court must consider. To the extent the court agrees with the magistrate judge's ultimate conclusion that Lott has presented evidence sufficient to satisfy the subjective component of his excessive force claim, the court will not quibble with the magistrate judge's treatment of this particular factor.

7

could have been thought necessary in a particular situation, Whitley, 475 U.S. at 321, and because it may provide some indication of the amount of force applied. Wilkins, 559 U.S. at 37 (rejecting the notion that an excessive force claim involving only de minimis injury is subject to automatic dismissal). Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. (internal quotation marks omitted); see Wilkins, 559 U.S. at 38 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." (quoting Hudson, 503 U.S. at 9)). Nonetheless, the Supreme Court has cautioned that "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts." Wilkins, 559 U.S. at 38.

     Although Lott has not alleged a particularly serious injury, he has alleged more than de minimis injuries to his neck. Compl. ¶ 11. Those injuries are supported by medical records, which note both neck pain as well as abrasions to the right side of his neck. Def.'s Mot. Ex. 2. While Scott asserts that medical records establish that the abrasions on the neck appear dated and unrelated to the altercation at issue, there is absolutely no indication of this in the record. The mere fact that the abrasions were "scabbed over," without more, is insufficient to show that they are unrelated to the alleged choking.

     Because Lott has alleged more than de minimis injuries that are supported by the medical record, the court agrees with the magistrate judge that Scott is not entitled to

summary judgment on Lott's excessive force claim.  See Thompson v. Shelton, 541 F. App'x 247, 250 (4th Cir. 2013) (vacating district court's grant of summary judgment on excessive force claim where plaintiff alleged injuries that were "supported at least in part" by medical records).

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, **GRANTS** defendants' motion for summary judgment as to TCI and Scott in his official capacity, and **DENIES** defendants' motion for summary judgment as to Scott in his individual capacity.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 21, 2014**
**Charleston, South Carolina**